**THE BANK OF NOVA SCOTIA, Plaintiff**

**v.**

**RUPERT DUBERRY and BEVERLY DUBERRY, Defendants**

Civil No. 2004-147

District Court of the Virgin Islands

Division of St. Thomas and St. John

June 26, 2008

MATTHEW J. DUENSING, ESQ., St. Thomas, U.S.V.I., *For the Plaintiff.*

RUPERT DUBERRY, *Pro se, defendant.*

BEVERLY DUBERRY, *Pro se, defendant.*

GÓMEZ, *Chief Judge*

## JUDGMENT

(June 26, 2008)

The plaintiff in this matter, The Bank of Nova Scotia ("BNS"), commenced this debt and foreclosure action in October, 2004 against the *pro se* defendants, Rupert Duberry and Beverly Duberry (the "Defendants"). The Defendants failed to answer or otherwise plead. The Clerk of Court entered defaults against the Defendants in July, 2005. BNS now moves for default judgment against the Defendants. The Court has reviewed the motion and supporting materials, and finds:

1.  The Defendants own certain real property known as Parcel No. 37-39 Estate Frydenhoj, No. 3 Redhook Quarter, St. Thomas, U.S. Virgin Islands (the "Property").

2. On or about July 24, 1996, the Defendants executed a mortgage note (the "First Note"), in which they jointly and severally promised to repay BNS the principal sum of $150,000, together with interest at the rate of 9.5% per annum, in equal consecutive monthly installments of $1,310.55. The First Note further provides that it shall become due and payable in its entirety, without notice, by reason of default in the payment of interest or principal when due, as well as any other default thereunder.

3. The repayment of the Defendants' indebtedness to BNS is secured by a first priority mortgage (the "First Mortgage"), originally executed from the Defendants to BNS on July 24, 1996, in the principal amount of $150,000 from the Defendants' to BNS. The Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on July 24, 1996 in Book No. 56-U, Page 173, Doc. No. 4580. The Mortgage covers the Property.

4. On or about March 7, 1997, the Defendants executed a second mortgage note (the "Second Note"), in which they jointly and severally promised to repay BNS the principal sum of $35,000, together with interest at the rate of 9% per annum, in equal consecutive monthly installments of $293.72.

5. The repayment of the Defendants' further indebtedness to BNS is further secured by a second priority mortgage (the "Second Mortgage"), originally executed on March 7, 1997, in the principal amount of $35,000 from the Defendants to BNS. The Second Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on March 7, 1997 in Book No. 56-U, Page 173, Doc. No. 4580. The Second Mortgage also covers the Property.

6. [1] The Defendants have failed to comply with the terms and conditions of the First and Second Notes and Mortgages and are in default under those instruments for failing to pay principal and interest when due.

7. BNS, pursuant to the terms and conditions of the First and Second Notes and Mortgages, has elected to declare due and payable the entire unpaid principal sum with all accrued interest and late charges. The Defendants owe BNS the principal sum of $202,563.02, through April 28, 2008, plus further interest accruing at the rate of $33.84 per diem until the date of judgment and further interest thereafter at the statutory rate until fully satisfied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that BNS's motion for default judgment against the Defendants is **GRANTED;** it is further

**ORDERED** that BNS shall recover from the Defendants the sum of $202,563.02, through April 28, 2008, plus further interest accruing at the rate of $33.84 per diem until the date of judgment and further interest thereafter at the statutory rate until fully satisfied; and it is further

**ORDERED** that BNS' liens against the Property shall be foreclosed and the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to title 28, section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of BNS, including any costs and attorneys' fees that may be awarded upon application and any sums that may be paid by BNS for insurance premiums, taxes and expenditures necessary to maintain the Property pending sale, with interest from the date of any such payment. The surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the Defendants; it is further

**ORDERED** that:

1.   Pursuant to title 5, section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Properties as set out above and shall contain the terms and conditions of sale as set out herein.

2.   The terms and conditions of the sale shall be as follows:

    a.   The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b.   BNS may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

c. The terms of sale as to all other persons or parties bidding shall be cash.

d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of said purchase prices to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. BNS shall have any and all writs necessary to execute the terms of this Judgment; it is further

4. The Defendants shall be liable to BNS for any deficiency remaining after the sale of the Property; it is further

**ORDERED** that the Court will retain jurisdiction to enforce the terms of this Judgment; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.